IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL JOSEPH CONCANNON,

    Petitioner,

v.                                                       CASE NO. 5:05-cv-00265-SPM-AK

JOSE BARRON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus, filed by Michael Joseph Concannon. Respondent has filed his answer, Doc. 5,[1] and Petitioner has filed a reply. Doc. 8. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner is presently serving a 48-month sentence from the United States District Court for the Middle District of Florida for conspiracy to possess with intent to distribute five grams or more of methamphetamine. He is confined at FCI Marianna; thus, this cause is properly filed in this Court. He is presently scheduled for release on June 19, 2007. *See* http://www.bop.gov.

---

[1] Respondent states that he was never served with a copy of the petition. The Court certainly ordered service on him and the United States Attorney for this District, Doc. 4, and the Clerk's docket notation indicates that he followed the Court's order. The Court therefore cannot account for the failure of Respondent to receive his copy of the petition, but, given the fact that he has indeed responded to the petition, the Court does not believe re-service is mandated.

Petitioner was originally assigned to FCC Coleman. At that facility, he was notified that he was being classified with a public safety factor of sex offender based on a 2001 conviction in state court for simple battery. Doc. 5, Ex. 2. While the sex offender notification itself is silent on how BOP arrived at that determination, in later administrative proceedings, it explained that it had made the sex offender classification because Petitioner's simple battery charge "resulted from an arrest affidavit in which [he was] involved in sexual acts with a minor." Doc. 5, Ex. 7 at 3. It does not appear that Petitioner initially challenged that classification.

In January, 2005, Petitioner was found by BOP personnel to be eligible for participation in the Residential Drug Abuse Program based on amphetamine dependence. Doc. 1, Attach. 1. At that time, David Christensen, the Drug Treatment Specialist who initially reviewed Petitioner's file in connection with his request for participation in RDAP, including the district court's Presentence Report, and conducted the eligibility interview with Petitioner, positively determined as part of a "Diagnostic Impression" (1) that Petitioner was eligible for residential treatment, (2) that his case manager had "indicated the absence of a violent current offense," (3) that Petitioner had no violent conviction history, and (4) that he was eligible for time off his sentence. *Id*.; Doc. 5, Ex. 3. In reaching those conclusions, Christensen reviewed Petitioner's criminal history and "discovered he had a prior State conviction for battery." *Id*. Christensen in turn "requested a review of the battery conviction by our legal department" to determine "whether this was a crime of violence that would render the Petitioner ineligible for early release." *Id*. The legal department determined that "the battery conviction was not a violent offense which would preclude the Petitioner from early release eligibility," and Christensen informed Petitioner of this conclusion in a document entitled, "Notice of Residential Drug Abuse

Program Qualification and Provisional § 3621(c) Eligibility." *Id*. A copy of that particular document has not been provided.

According to Christensen, when he reviewed Petitioner's eligibility for early release, he "did not inquire as to whether he was eligible for placement in a community corrections center." *Id*. Instead, he "only inquired into his criminal conviction history and was not aware that he had been classified with a Public Safety Factor of sex offender, which would preclude him from placement in a community corrections center." *Id*. Christensen further stated that his job "is limited to determining whether an inmate qualifies for the RDAP and to determine provisional eligibility for early release," and that the unit team makes the final determination "regarding whether an inmate can be placed in a community corrections center." *Id*. Finally, Christensen explained: "Inmates are advised of their qualification for the RDAP and they are advised that a determination of eligibility for early release is provisional and could change at any time." *Id*.

Thereafter, Petitioner was transferred from FCC Coleman to FCI Marianna so that he could begin participation in the RDAP. Once he was transferred, the Drug Treatment Specialist at Marianna, Gary Poole, "as part of [his] routine practice," reviewed Petitioner's file. Doc. 5, Ex. 4. During that review, Poole "realized that [Petitioner] had been classified with a Public Safety Factor (PSF) of sex offender." *Id*. This PSF designation made Petitioner ineligible "for early release because he would not be able to complete the third and final phase of the RDAP–the transitional services portion in a community corrections center." *Id*. On June 23, 2005, Poole advised Petitioner of his conclusions and "attempted to have him sign the [RDAP] Notice to Inmate form," which, according to Poole, Petitioner refused to sign on two separate occasions. *Id*. Poole denied that his second review of Petitioner's file was "an arbitrary and

capricious decision." *Id*. According to him, BOP policy requires staff to conduct a final review before an inmate can be released pursuant to § 3261(e). *Id*. He then explained:

> In this case, since the Petitioner's first review was not done by me, I reviewed his file in order to ensure that he was eligible for early release. Had I not conducted this review upon his transferring to FCI Marinna, a final review of the Petitioner's file would have been done prior to his completing the drug program. At that time, the PSF of sex offender would have been noticed and the Petitioner would have been deemed ineligible for early release.

*Id*. Poole concluded:

> Petitioner's PSF of sex offender renders him ineligible for placement in a community corrections center. As such, the Petitioner will not be able to complete the third and final phase of the RDAP. This is a requirement for consideration for early release pursuant to 3261(e). Since the Petitioner cannot meet the third requirement, he is ineligible for early release. The Petitioner's ineligibility for early release has been reviewed and upheld through the administrative remedy process by the Warden, the Regional Director and the Central Office.

*Id*. Shortly thereafter, a "Memorandum for Central File" from Respondent and others was issued on June 30, 2005, and placed in Petitioner's file. This memorandum stated:

> [Petitioner] is not being considered for CCC placement, as described in Program Statement 7310.04, for the following reason(s):
>
> (a)   Aggressive Sex Offender   On August 20, 2001, Concannon was adjudicated guilty on the charge of Battery in the Orange County Circuit Court, Orlando, Florida. According to the arrest affidavit, Concannon performed oral to penis and hand to penis sex acts on a 15 year old on at least 60 different occasions.

Doc. 5, Ex. 12.

Petitioner pursued his administrative remedies, and at each level, he was denied relief. *See* Doc. 5, Ex. 6-8. At the final level of appeal, the administrator concluded:

> Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. On August 20, 2001, you were found guilty of Battery. The nature of this offense involves you performing sexual acts on a 15-year-old boy on at least 60 different occasions.
>
> * * *
>
> [The PSF sex offender] classification does not hinge upon the title of the offense but, rather, the offense conduct or behavior. There can be no doubt that the PSF is applicable to your 2001 Battery conviction....Since you are assigned the sex offender PSF, CCC placement is not ordinarily permitted. The Warden has determined that, given this, you shall not be referred for CCC placement. The Warden's determination in this matter is appropriate and well within his authority.
>
> * * *
>
> Inasmuch as you are not eligible for CCC placement, you cannot participate in the community transitional services component of the RDAP and cannot, therefore, be deemed to have completed the RDAP. Without completion of the RDAP, early release is not available.

Doc. 5, Ex. 8.

The instant petition ensued. On this occasion, Petitioner complains that the Bureau of Prison's reconsideration of his early release eligibility violated BOP policy and was done without authorization or a material change in circumstances. Doc. 1. More specifically, he charges that although he was initially advised that he was eligible for early release consideration, he was later deemed ineligible for participation in the program because of his classification as a sex offender. Doc. 1, at 3-5. He also claims that he was improperly designated as a sex offender in the first place, since his conviction was for simple assault.

Though Petitioner had not, according to Respondent, exhausted his administrative remedies at the time he filed the instant petition, Doc. 5 at 4, he has now exhausted, and Respondent does not further pursue this issue.

## DISCUSSION

Section 3621 of Title 18 of the United States Code governs the imprisonment of persons convicted of federal crimes and provides, in pertinent part, for the "appropriate substance abuse treatment for each prisoner the Bureau [of Prisons] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this objective, the Bureau "shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)...." *Id*. at § 3621(e)(1).

As an incentive for successful completion of a drug treatment program, the "period a prisoner convicted of a nonviolent offense remains in custody...may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. at § 3621(e)(2)(B). The reduction in sentence is discretionary with the BOP: "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

When determining eligibility for early release, the BOP "need not blind itself to pre-conviction conduct," and it acts reasonably "both in taking account of pre-conviction conduct and in making categorical exclusions." *Id*. at 242. Thus, as an "exercise of the discretion vested in the Director of the Federal Bureau of Prisons," an inmate who is not eligible for participation in a community-based program–"as determined by the Warden on the basis of his or her professional discretion"--is not eligible for early release. 28 C.F.R. § 550.58(a)(1)(v). If an inmate cannot "participate in community-based programs," he cannot "complete the transitional services component of treatment in a Community Corrections Center or on home confinement."

U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5330.10 (May 25, 1995).

An inmate who has been assigned a sex offender Public Safety Factor "shall not ordinarily participate in CCC programs...." U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 7310.04 (Dec. 16, 1998). In determining whether an inmate is a "sex offender," the following is pertinent:

> A male...inmate whose behavior in...prior history includes one or more of the following elements shall be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred in the...prior criminal history. If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.
>
> * * *
>
> (1)    Engaging in sexual contact with another person without obtaining permission to do so....
>
> * * *
>
> (3)    Any sexual contact with a minor or other person physically or mentally incapable of granting consent....

U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5100.07 (Sept. 3, 1999).

    1.    Classification as sex offender.

The obvious issue with which to begin is whether the Bureau acted improperly in initially classifying Petitioner with a PSF of sex offender since he was not convicted of a sex crime, the charge of lewd and lascivious molestation having been *nolle prosequi*.[2] According to Petitioner,

---

[2] While the Court agrees with Respondent that any sex offender classification of Petitioner pursuant to 18 U.S.C. § 4042(c), which would require him to register as a sex offender upon his

he never had a sexual relationship with the accuser in the state court case:

> The battery charge stemmed from an incident where the accuser had fell off of my car as I was leaving and broke his arm.  He in turn made numerous threats against me in regards to accusing me of having sexual contact with him.  Ultimately he accused me of touching him in hopes of getting me into trouble.
>
> I took a polygraph in reference to this prior state case and I passed which furthermore verifies that there was no sexual contact nor has there ever been between myself and the accuser.

Doc. 8, Attach. 4; *see also id*. at Attach. 5.  During the administrative proceedings, Petitioner presented the polygraph document, which states merely that he "was administered a polygraph examination...of which he passed," Doc. 1, Attach. 4, but there is nothing before the Court to suggest that he ever made the remainder of this argument to the Bureau or presented any official documentation to support such a claim.  In contrast, the BOP examined the Presentence Report, indisputably an official court document, for support for its assessment of the PSF sex offender designation.

The Bureau is afforded wide discretion in its classification of the prisoners under its care, custody, and control, *Cohen v. United States*, 151 F.3d 1338, 1342-44 (11th Cir. 1998), and after carefully considering the matter, the Court finds nothing either arbitrary or capricious about its determination that Petitioner should be classified with a sex offender PSF.  The Bureau was perfectly within its authority to consider the official recitation of the state court charges which was contained in the PSR, and the fact that Petitioner was not convicted of the sex offense itself is of absolutely no consequence.

---

release from prison, may be inappropriate, *see Fox v. Lappin*, 409 F. Supp. 2d 79 (D. Mass. 2006) (federal prisoner cannot be designated as § 4042(c) sex offender based on state sex offense), this is a question separate and apart from the issue at hand and not before the Court.

   2. Reconsideration of eligibility for early release.

 The Court thus turns to whether the BOP acted improperly when it reconsidered Petitioner's eligibility for early release. In support of this claim, Petitioner cites authority from the Ninth Circuit, *see Galle v. Clark*, 346 F.Supp. 1052 (N.D. Cal. 2004), which this Court finds neither binding nor persuasive. Petitioner has absolutely no constitutional right to early release, *Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir. 2000), and as Mr. Poole stated in his affidavit, the Bureau retains the right to make a final review of an inmate's eligibility for early release before he is transferred to a community-based program. *See* Program Statement 5330.10 at 6.6 & Attach. K. This final review requires the BOP to examine "all relevant statutory and regulatory criteria," *id*. at 6.6, including whether the inmate has "been found eligible for community programs–Community Corrections Center/Home Confinement Placement." *Id*. at Attach. K. If there are any disqualifying answers, the reviewer "may stop the review" since "the inmate shall not receive a provisional early release." *Id*. The Bureau retains this right of final review because the "decision to grant an inmate early release is a significant one...." *Id*. at 6.6.

 In the Court's opinion, this right of final review highlights the intended provisional nature of eligibility for early release since, until the four pertinent officials have reviewed and authorized the transfer, all criteria for early release are subject to reevaluation, not just those pertaining to whether the inmate has successfully completed the institutional-based components of the RDAP. *Id*. at Attach. K. Thus, the BOP was well within its discretion in reevaluating Petitioner's eligibility for early release upon his transfer to FCI Marianna, and Petitioner has shown the Court nothing to support his allegation that the reevaluation was done for retaliatory or discriminatory reasons.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *28th* day of February, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**